1   PAUL L. REIN, State Bar No. 43053
    CELIA MCGUINNESS, State Bar No. 159420
2   CATHERINE M. CABALO, State Bar No. 248198
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Drive, Suite A
    Oakland, CA 94612
4   Telephone: (510) 832-5001
    Facsimile: (510) 832-4787
5   reinlawoffice@aol.com

6   Attorneys for Plaintiff
    GERARDO HERNANDEZ
7
    * Defendants' counsel listed after the caption
8

9               UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  GERARDO HERNANDEZ,                    Case No. C12-2080 JSW

13            Plaintiff,                  Civil Rights

14       v.

15  FINAL SCORE SPORTS BAR, INC.;        **CONSENT DECREE AND**
    MAPLE LEAF INVESTMENTS, LLC;         **[PROPOSED] ORDER**
    and DOES 1-10, Inclusive,
16
            Defendants.
17

18  GAZZERA, O'GRADY & STEVENS
    MICHAEL K. STEVENS, ESQ. (State Bar No. 96112)
19  1134 W. El Camino Real
    Mountain View, CA 94040
20  Telephone: 650/968-9612
    Facsimile: 650/968-1627
21  mkstevenslaw1@aol.com

22  Attorneys for Defendant
    FINAL SCORE SPORTS BAR, INC.
23

24  ERICKSEN ARBUTHNOT
    SHARON HIGHTOWER, ESQ. (State Bar No. 129874)
25  152 North Third Street, Suite 700
    San Jose, CA 95112
26  Telephone: 408/286-0880
    Facsimile: 408/286-0337
27
    Attorneys for Defendant
28

MAPLE LEAF INVESTMENTS, LLC

1.      Plaintiff GERARDO HERNANDEZ filed a Complaint in this action on March 25, 2012 to obtain recovery of damages for his discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants FINAL SCORE SPORTS BAR, INC. and MAPLE LEAF INVESTMENTS, LLC (both defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of January 10, 2012, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 1126 Saratoga Ave., San Jose, California.

2.      Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

//

//

- 2 -

//

**JURISDICTION:**

3.    The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims raised in the Complaint filed with this Court.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.    This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the subject Complaint.

- 3 -

6.   The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a)   **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in: (1) **Attachment A**, a draft report by Plaintiff's access consultant, Jonathan Adler; (2) **Attachment B**, plans drawn by SCDC Architecture Interior Design for The Final Score, dated January 21, 2013; and (3) **Attachment C**, Jonathan Adler's "Review Comments" of **Attachment B**, including a "redline" version of Sheet A2.2 of **Attachment B**. **Attachment A**, **Attachment B**, and **Attachment C** are attached and incorporated herewith. Defendant Maple Leaf Investments, LLC ("Defendant Maple Leaf") represents that it has completed Items A1-A3 in **Attachment A**. Defendant Final Score Sports Bar, Inc. ("Defendant Final Score") agrees to complete Items B1-B4 and C1 in **Attachment A**. Defendant Final Score also agrees to correct the condition identified in Item C2 in **Attachment A** by creating a compliant dining table(s) near the bar. Defendants agree to complete the work detailed in **Attachment B**, including all revisions/clarifications in **Attachment C**.

b)   **Timing of Injunctive Relief**:   Defendant Final Score Sports Bar, Inc. will submit plans for all corrective work requiring permits to the

- 4 -

appropriate governmental agencies within 15 days of the entry of this Consent Decree by the Court. Defendant Final Score Sports Bar, Inc. will commence work within 20 days of receiving approval from the appropriate agencies. Defendant Final Score Sports Bar, Inc. will complete all work by May 6, 2013. In the event that unforeseen difficulties prevent Defendant Final Score Sports Bar, Inc. from completing any of the agreed-upon injunctive relief, Defendant Final Score Sports Bar, Inc. or their counsel will notify Plaintiff's counsel in writing within 5 days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendant Final Score Sports Bar, Inc.'s notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendant Final Score Sports Bar, Inc. or its counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this Consent Decree and Order.

c)      Defendant Final Score Sports Bar, Inc. will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all access is provided. If Defendant Final Score Sports Bar, Inc. fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to

- 5 -

obtain compliance with these terms, Plaintiff reserves the right to seek additional

attorneys' fees for any compliance work necessitated by Defendant Final Score

Sports Bar, Inc.'s  failure to keep this agreement.  If the Parties disagree, such fees

shall be set by the Court.


**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.     The Parties have reached an agreement regarding Plaintiff's claims for

damages, attorneys' fees, litigation expenses, and costs.  Defendant Maple Leaf

Investments, LLC agrees to pay all fees for the mediator in this case, Gilda Turitz,

a total in the amount of $1250.  Defendant Maple Leaf Investments, LLC shall also

pay to Plaintiff the amount of $68,500 as full and final resolution of all of

Plaintiff's claims -- including but not limited to all civil rights, statutory, actual,

and personal injury damages; also including but not limited to general,

compensatory, and special damages; also including but not limited to attorneys'

fees, litigation expenses, and costs.  Payment shall be made by check payable to

"PAUL L. REIN IN TRUST FOR GERARDO HERNANDEZ."  Payment shall be

received at the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A,

Oakland, CA 94110 no later than February 20, 2013.   Plaintiff's attorneys' office

shall provide Defendant Maple Leaf Investments, LLC with a W-9 for the payment

described in this paragraph.

- 6 -

**ENTIRE CONSENT DECREE AND ORDER:**

8.     This Consent Decree and Order and **Attachments A-C** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.     This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all

- 7 -

obligations required in this Consent Decree and Order, the Parties intend that this

Consent Decree and Order apply to all such further loss with respect to the lawsuit,

except those caused by the Parties subsequent to the execution of this Consent

Decree and Order.  Therefore, except for all obligations required in this Consent

Decree and Order, this Consent Decree and Order shall apply to and cover any and

all claims, demands, actions, and causes of action by the Parties to this Consent

Decree with respect to the lawsuit, whether the same are known, unknown, or

hereafter discovered or ascertained, and the provisions of Section 1542 of the

California Civil Code are hereby expressly waived.  Section 1542 provides as

follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

11.    Except for all obligations required in this Consent Decree and Order

each of the Parties to this Consent Decree and Order, on behalf of each, their

respective agents, representatives, predecessors, successors, heirs, partners, and

assigns, releases and forever discharges each other Party and all officers, directors,

shareholders, subsidiaries, joint venturers, stockholders, partners, parent

companies, employees, agents, attorneys, insurance carriers, heirs, predecessors,

and representatives of each other Party, from all claims, demands, actions, and

causes of action of whatever kind or nature, presently known or unknown, arising

- 8 -

out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed and all payments described in paragraph 7 are delivered in full, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent

- 9 -

1  Decree and Order may be signed in counterparts and a facsimile signature shall

2  have the same force and effect as an original signature.

3

4

5                            **END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT**

6                   **THE END OF THE DOCUMENT.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE & ORDER
Case No. C12-2080 JSW
E:\Final Score\2013 02 06 Consent Decree & Order (FINAL).doc

Dated: February 6, 2013          PLAINTIFF GERARDO HERNANDEZ

_____

GERARDO HERNANDEZ

Dated: February 6, 2013          DEFENDANT FINAL SCORE SPORTS BAR,
                                 INC.

By: _____

Print name: _JOSEPH M. WRESITZIN_

Title: _PRESIDENT_

Dated: February 6, 2013          DEFENDANT MAPLE LEAF INVESTMENTS,
                                 LLC

By: _____

Print name: _JOE KOVALIX_

Title: _manager_

APPROVED AS TO FORM:

DATED: February 6, 2013          **LAW OFFICES OF PAUL L. REIN**

By: _____

Catherine Cabalo, Esq.
Attorneys for Plaintiff
GERARDO HERNANDEZ

- 11 -

1

2

3   DATED: February 6, 2013          **GAZZERA, O'GRADY & STEVENS**

4                                     By: _____

5                                          Michael K. Stevens, Esq.
                                         Attorneys for Defendant
6                                        FINAL SCORE SPORTS BAR, INC.

7

8   DATED: February 6, 2013          **ERICKSEN ARBUTHNOT**

9

10                                    By: _____

11                                         Sharon L. Hightower, Esq.
                                         Attorneys for Defendant
12                                       MAPLE LEAF INVESTMENTS, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

CONSENT DECREE & ORDER
Case No. C12-2080 JSW
E:\Final Score\2013 02 06 Consent Decree & Order (FINAL).doc

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

The parties shall file a stipulation of dismissal within fifteen days of satisfaction of the conditions set forth above.  If this action has not yet been dismissed, the parties shall file a joint status report by June 10, 2013, and every 120 days thereafter until this action is dismissed.

Dated: <u>February 11</u>, 2013

Honorable Jeffrey S. White
United States District Court Judge

- 13 -

CONSENT DECREE & ORDER
Case No. C12-2080 JSW
E:\Final Score\2013 02 06 Consent Decree & Order (FINAL).doc